AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

*(Court seal: UNITED STATES DISTRICT COURT · FILED JUL 28 2011 · MICHAEL J. ROEMER, CLERK · WESTERN DISTRICT OF NY)*

|  |  |
|---|---|
| United States of America | ) |
| v. | ) Case No. 11 mj 619 |
| DAVID RUBIN | ) |
| _____ | ) |
| *Defendant* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

From, on or about the dates of  August 1, 2010 to the present,  in the county of  Monroe  in the Western District of New York, the defendant violated  18  U.S.C. §  Section 2252A(a)(2)(A), an offense described as follows:

the defendant, knowingly distributed and received child pornography that has been, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2)(A) .

This criminal complaint is based on these facts:

- Continued on the attached sheet.

_____
*Complainant's signature*

Barry W. Couch
Federal Bureau of Investigation
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  July 28, 2010 _____

_____
*Judge's signature*

Honorable Jonathan W. Feldman
United States Magistrate Judge
*Printed name and title*

City and State:  Rochester, New York _____

*11 mj619*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF MONROE  )
CITY OF ROCHESTER )


I, Barry W. Couch, having been first duly sworn, do hereby depose and state as follows:


1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI).  I have been a Special Agent for approximately two and one-half years.  I am currently assigned to investigations involving crimes against children, as well as other criminal investigations.  As part of my duties as a FBI Special Agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2252 and 2252A.  I have participated in investigations of persons suspected of violating child pornography laws and have observed and reviewed numerous examples of child pornography as defined under Title 18, United States Code, Section 2256.


2.  This affidavit is submitted for the limited purpose of establishing probable cause to believe that DAVID RUBIN, born XX/XX/71, while in the Western District of New York, knowingly

distributed and received child pornography that has been, using
any means or facility of interstate or foreign commerce, shipped
or transported in or affecting interstate or foreign commerce by
any means, including by computer, in violation of Title 18,
United States Code, Section 2252A (a)(2)(A).

3.   The statements contained in this affidavit are based on
my own personal knowledge and observation, my training and
experience, and conversations with other law enforcement officers
and witnesses.  Because this affidavit is being submitted for the
limited purpose of securing a criminal complaint, I have not
included each and every fact known to me concerning this
investigation.  I have set forth only the facts that I believe
are necessary to establish probable cause that DAVID RUBIN did
knowingly violate Title 18, United States Code, Section 2252A.

4.   In November 2009, the Innocent Images Operations Unit
(IIOU) of the FBI was informed by the U.S. Department of Justice,
Child Exploitation and Obscenity Section (CEOS), that the
website, http://grou.ps, was being used to distribute child
exploitation images and videos.

5.   Grou.ps is a social networking website that allows
users to establish their own social networks.  Among other

2

things, users can create profiles, participate in forums, and upload images, videos, or other files.  Further, users can invite other individuals to join via email. The more common sections of each group are the Home, My Profile, Forum, Members, Photos, Videos, Blogs, and Events sections; although users can add or delete others as they choose.

6.   Upon initial registration, a user must provide Grou.ps with a valid email address and unique group name.  A webpage for the group is then created as a subdirectory of the Grou.ps domain.  Grou.ps maintains logs for IP addresses, dates, times for any member who uploads images, videos, or other files to the website. Further, Grou.ps maintains logs of all private messages sent between members.

7.   Due to the initial information provide by CEOS, the IIOU opened a case that was a joint investigation conducted by the IIOU, Immigration and Customs Enforcement (ICE), and the U.S. Postal Inspection Service.  A total of 34 groups were identified as engaging in the distribution of child pornography.   In December 2009, a federal search warrant was executed on the Grou.ps website for these 34 separate groups.

3

8.   As part of the investigation, Grou.ps provided CEOS with a web-based portal to allow law enforcement exclusive access to each of the groups.  In response to the search warrant, Grou.ps also provided all logs and other available data in regards to the activity of each member of the identified groups.  This data included IP logs for all members who uploaded files to the original 34 groups as well as all uploads by members to any additional groups they belonged to.  Most users were members of more than one group.

9.   As the investigation continued, hundreds of additional groups were identified as possibly engaging in the distribution of child pornography.  Since November 2009, the National Center for Missing and Exploited Children (NCMEC) has received approximately 65-75 complaints per month in regards to child pornography being distributed via http://grou.ps.  By August 2010, the number of groups identified through NCMEC complaints or the original investigation as possibly engaging in child exploitation grew to approximately 1,000.  Due to this, in September 2010, the IIOU and Innocent Images Intelligence Unit (IIIU), FBI Headquarters, initiated an effort to review the complaints received by NCMEC each month and identify the most egregious groups.  Due to the unlikelihood of obtaining identifying information on members of older groups, this process

4

began with complaints received in August 2010.  Of the 73 total
Cyber TipLine reports received by NCMEC in August, 12 were
identified as having the most egregious child pornography.

10.  An investigation was opened on September 14, 2010, and
targeted the aforementioned 12 groups.  On September 17, 2010,
the IIOU issued search warrants to Grou.ps for these 12 groups.
On October 18, 2010, Grou.ps provided all available data and
logs.  A review of the results revealed approximately 2,868
members of the 12 groups.  Of those, 126 members uploaded at
least one image and/or video to the original 12 groups.  A total
of 3,168 images and 178 videos were uploaded to the 12 groups by
those 126 members.

It should be noted that these 12 groups appeared to have
been established for the sole purpose of distributing and
accessing child pornography.

11.  One of the 12 aforementioned groups was
"fotoslegaisparatodos."  According to information provided by
Grou.ps a member of the group "fotoslegaisparatodos" that had
distributed child pornography was "rock.hate" with a listed
e-mail address of "rock.hate@gmail.com."  The member "rock.hate"
uploaded images containing child pornography to the group
"fotoslegaisparatodos." Further, "rock.hate" uploaded

5

approximately 215 images to additional groups on multiple
occasions over a time period ranging from August 2009 to
September 2010.  The majority of these images contained child
pornography and/or child erotica images.  The logging information
provided by Grou.ps showed that "rock.hate" utilized an IP
address of 74.67.181.120 on August 1, 2010, to upload child
pornography to Grou.ps group "fotoslegaisparatodos."

    12.  Subpoena results from Time Warner Cable/Road Runner
showed that on August 1, 2010, at the times the child pornography
was uploaded to Grou.ps group "fotoslegaisparatodos" by
"rock.hate", the subscriber of IP address 74.67.181.120 was:

David Rubin
17 Karnes St
Rochester, New York 14606

    13.  Subpoena results from Google Inc. showed that the
subscriber of "rock.hate@gmail.com" from January 1, 2010 to
December 16, 2010 was:

David Rubin

    14.  On July 26, 2011, SA Couch reviewed images uploaded to
Grou.ps group "fotoslegaisparatodos" by "rock.hate" on August 1,
2010, referred to in paragraph 12 of this affidavit.  The
following are  some of the files SA Couch observed:

a.  "20100801232934-jrzhhyhgreymzuwrc.jpg"  An image showing two naked males approximately ten years old lying down.  One of the males is laying on top of the other.  The male on the bottom appears to have his erect penis inserted into the anus of the other male.

b.  "20100801233342-jrzhhyhgreymzuwrc.jpg"  An image showing two naked males approximately twelve years old on their knees facing each other.  One of the males is grabbing his erect penis with his right hand.

c.  "20100801233345-jrzhhyhgreymzuwrc.jpg"  An image showing two naked males approximately twelve years old lying down next to each other.  Both of the males are grabbing the other male's penis with their hand.

15.  On July 28, 2011, SA Couch and TFO Brian Tucker interviewed DAVID RUBIN.  RUBIN admitted to being "rock.hate" on the GROU.PS web site and admitted to uploading and downloading child pornography through use of the internet.  RUBIN stated that his actions involving child pornography were, an "error in judgement."  RUBIN stated that he had been involved with child pornography for approximately the last ten years.  RUBIN

7

communicated that he started to move away from being involved
with child pornography about a year ago, but has viewed child
pornography since on web sites like "Nudist John."   RUBIN also
communicated that he would visit web sites like "Boy Cam Secrets"
to view child pornography.

16.   SA Couch showed RUBIN copies of the three images
referenced in paragraph 14 of this affidavit.   RUBIN said that he
recognized all three images.   RUBIN stated that he uses Time
Warner Cable for internet service.   RUBIN also stated that the
child pornography was on his computer, a Microworx computer, that
was located in the office of his residence at 17 Karnes Street,
located to the right as you go into the front door of the
residence.   RUBIN said his Microworx computer was password
protected, that he was the only one that used the computer, and
that his wireless internet was password protected.

17.   On July 28, 2011, the FBI executed a federal search
warrant at 17 Karnes Street, Rochester, New York 14606.   In a
room that appeared to be an office of the residence, to the right
after entering the front door, a Microworx desktop computer with
identification number 37630, was located.   Task Force Officer
David Kron performed a forensic preview on the computer and
located multiple images of child pornography, to include the two

8

images referenced in paragraph 14 (b) and (c) and in paragraph 16 of this affidavit. On the back of the computer is a sticker that says "MADE IN TAIWAN."

Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that DAVID RUBIN has violated Title 18, United States Code, Section 2252A (a)(2)(A), the knowing distribution and receipt of child pornography that has been, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

_____
BARRY W. COUCH
Special Agent
Federal Bureau of Investigation

Sworn to before me this
___ day of July, 2011.

_____
HON JONATHAN W. FELDMAN
United States Magistrate Judge